IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHIRLEY MORSE,

                Plaintiff,

v.                                       CIVIL ACTION NO. 2:18-cv-01298

ALDI INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Aldi, Inc. (Maryland), Aldi, Inc. (Ohio), and Aldi, Inc. (Pennsylvania) (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 27.) For the reasons discussed more fully herein, Defendants' motion is **DENIED**. (ECF No. 27.)

## I.    BACKGROUND

On August 26, 2016, Plaintiff Shirley Morse ("Plaintiff") was grocery shopping at an Aldi's store, owned and operated by Defendants, in Dunbar, West Virginia. (*See* ECF No. 28 at 2; *see also* ECF No. 29 at 1.) While shopping, she went into the restroom located in a hallway from the main shopping floor. As she exited the restroom several minutes later, Plaintiff tripped over a box that had been placed on the hallway floor sometime after she entered the restroom. (*See* ECF No. 28 at 3; *see also* ECF No. 29 at 2.) As a result of her fall, Plaintiff suffered bodily injuries and has endured ongoing medical treatment. (*See* ECF No. 1 at 10 ¶ 15 (Compl.).)

Plaintiff filed a complaint in the Circuit Court of Kanawha County, West Virginia, on August 21, 2018, asserting a premises liability claim against Defendants. (*Id.* at 8–10.) Plaintiff

alleges that the box in the walkway was a tripping hazard that customers were routinely exposed to throughout the store. (*Id.* at 9 ¶¶ 8–9.) Plaintiff claims that Defendants should have known of the alleged hazard and breached their duty to maintain the store in safe condition. (*Id.* ¶¶ 11–13.)

On September 14, 2018, Defendants removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 1–3 (Notice of Removal).) On June 12, 2019, Defendants filed the present motion for summary judgment. (ECF No. 27.) Plaintiff timely responded to the motion, (ECF No. 29), and Defendants filed a timely reply, (ECF No. 31). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court may neither weigh the evidence, *Anderson*, 477 U.S. at 249, nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to

be believed, and all justifiable inferences are to be drawn in his favor." (citation omitted)).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the Court must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

Defendants argue that Plaintiff cannot prevail on a premises liability claim because the material facts are undisputed that: (1) the box was open, obvious, and reasonably apparent to Plaintiff, (*see* ECF No. 28 at 5–6), and (2) Defendants did not have sufficient knowledge of the alleged danger at issue so as to trigger a duty upon Defendants to cure or warn against the alleged unsafe condition, (*see id.* at 6–7).

In her response, Plaintiff maintains that she was not aware of the box that Defendants allege was open and obvious. (*See* ECF No. 29 at 1.) She also claims that Defendants should have

be believed, and all justifiable inferences are to be drawn in his favor." (citation omitted)).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the Court must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

Defendants argue that Plaintiff cannot prevail on a premises liability claim because the material facts are undisputed that: (1) the box was open, obvious, and reasonably apparent to Plaintiff, (*see* ECF No. 28 at 5–6), and (2) Defendants did not have sufficient knowledge of the alleged danger at issue so as to trigger a duty upon Defendants to cure or warn against the alleged unsafe condition, (*see id.* at 6–7).

In her response, Plaintiff maintains that she was not aware of the box that Defendants allege was open and obvious. (*See* ECF No. 29 at 1.) She also claims that Defendants should have

known of the danger that caused her injuries because "it had a haphazard practice of placing boxes and other debris" on the floor throughout the store. (*Id.*) Plaintiff argues that at the very least Defendants' motion must be denied because questions of material fact exist as to whether the box was open and obvious and whether Defendants breached their duty to protect customers from a safety hazard they should have known existed. (*Id.* at 5–7.)

It is firmly established in West Virginia that an owner or possessor of property "owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." *Burdette v. Burdette*, 127 S.E.2d 249, 252 (W. Va. 1962) (citations omitted); *see also* syl. pt. 4, *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999) (abolishing the distinction between invitees and licensees in West Virginia). This duty, however, "does not apply to defects or conditions which should be known to the invitee or which would be observed by him in the exercise of ordinary care." *McDonald v. University of West Virginia Bd. Of Trustees*, 444 S.E.2d 57, 60 (1994). As such, "[t]here is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." *Id.* (citing *Burdette*, 127 S.E.2d at 252). West Virginia Code § 55–7–28 codifies this common law "open and obvious" doctrine and states, in pertinent part, as follows:

> A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

W. Va. Code § 55–7–28(a).

Applying this principle in the context of slip and fall cases, the West Virginia Supreme Court of Appeals has explained that "before an owner can be liable under a negligence theory, he

4

must have had actual or constructive knowledge of the defective condition which caused the injury." *McDonald*, 444 S.E.2d at 61. Thus, to establish a *prima facie* case for premises liability, the invitee must show the following: "(1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it . . . ." *Id.* at 60 (quotation omitted).

Defendants rely on this district court's decision in *Bullington v. Lowe's Home Centers Inc.*, No. 5:10–cv–00293, 2011 WL 3843929 (S.D. W. Va. Aug. 30, 2011) to argue that the box at issue here was "reasonably apparent" because Plaintiff noticed it before she fell.[1] (ECF No. 28 at 6.) In *Bullington*, a woman tripped over a ladder in a store's aisle and broke her ankle. 2011 WL 3843929 at *1. The court, finding that the ladder was in the plaintiff's plain view, that she had frequently visited the store and found ladders on every aisle, and that she was in the aisle several minutes before her fall, *id.* at *5, granted the defendant summary judgment on the basis that the ladder was open and obvious, *id.* at *6. Here, Defendants contend that Plaintiff "looked down and realized her foot had hit a box before she fell." (ECF No. 28 at 2.) It is Defendants' position that because Plaintiff "hit the box with her foot, then looked down and saw the box . . . all before she tried to maneuver around the box and fell over it," (*id.* at 6), the box was open and obvious.

Drawing all inferences in favor of Plaintiff, the Court cannot make this finding from the record currently before it. Though Plaintiff makes no claim that the box was hidden or obstructed from her view, (*see* ECF No. 27-2 at 3–4 (Morse Dep.)), it is clear from Plaintiff's testimony that she was not aware of the box either upon entering or exiting the restroom. (*Id.* at 3.) When

---

[1] Defendants do not dispute Plaintiff's claim that the box at issue was a safety hazard. Therefore, the Court will assume for purposes of the instant motion that the empty box was an unsafe condition.

describing the accident, Plaintiff testified that the box was not present when she entered the restroom. (*See id.*) Plaintiff went on to state that as she exited the restroom approximately three minutes later, "[she] was looking straight forward to the store . . . was not looking down, didn't know to look down, and hit the box." (*Id.*) It was not until her foot struck the box that she was aware of the box's placement in the walkway. (*See id.*)

In support of their contention that Plaintiff had knowledge of the box prior to her fall, Defendants offer Plaintiff's description of how the accident occurred. Notably, Plaintiff recalled during her deposition that she did not fall immediately when her foot hit the box but only once she "tried to maneuver around it." (*Id.* at 3–4.) However, there is no evidence to support Defendants' proposition that Plaintiff could have prevented the fall after making initial contact with the unseen box. For instance, Plaintiff argues that, although she did not fall immediately upon striking the box, her "initial contact with the box caused a cascade of instantaneous events that resulted in her fall." (ECF No. 29 at 4.) In sum, Plaintiff's testimony is susceptible to various interpretations regarding the sequence of her fall, and the Court is not permitted to resolve this material fact at the summary judgment stage. *See Sosebee*, 797 F.2d at 182. Given such evidence, a reasonable factfinder could find that the box was a danger not "open, obvious, [or] reasonably apparent" to Plaintiff. W. Va. Code § 55–7–28(a).

Consequently, it follows that an issue of material fact exists as to whether Defendants breached their duty to maintain the premises in safe condition. Defendants' store manager, Tasha Morin, testified that all employees are responsible for monitoring the store for safety hazards. (ECF No. 29-3 at 1–2 (Morin Dep.).) Moreover, Defendants acknowledge that empty boxes are routinely discarded on the floor throughout the store. (*See id.* at 1.) Despite Defendants' practice

6

of discarding and collecting these boxes from the floor, (*id.* (explaining that "boxes are thrown on the floor to be picked up"), a duty of care to remedy or warn against hazards arises only when an unsafe condition is not "open, obvious, reasonable apparent or as well known to the person injured as they are to the owner or occupant . . . ." W. Va. Code § 55–7–28(a). Inasmuch as the Court has found that there is a genuine issue of material fact as to whether the box was an open and obvious hazard, Defendants' failure to cure or warn against that danger might have been a breach of its duty to Plaintiff.

Accordingly, as the Court finds that genuine disputes remain as to whether the alleged tripping hazard was open and obvious, summary judgment is not appropriate at this time.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Summary Judgment. (ECF No. 27.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 12, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE